

FILED
GREAT FALLS DIV.
2009 JUL 30  AM 9 19
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| WILLIAM K. HASLAM,<br><br>Plaintiff,<br><br>vs.<br><br>TOM J. VILSACK, SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>Defendant. | CV-09-54-BU-SEH-RKS<br><br>**FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE TO DISMISS COMPLAINT** |

Plaintiff, Mr. William K. Haslam, is proceeding pro se and in forma pauperis in this action. Before the Court are Mr. Haslam's Amended Complaint (C.D. 6), which purportedly alleges a violation of his rights under Title VII of the Civil Rights Act, and his Motion

to Appoint Counsel (C.D. 5).

This Court has jurisdiction pursuant to 42 U.S.C. 2000e-5(e). The case was referred to the undersigned to issue Findings and Recommendations by Rule 73.1 of the Local Rules of Procedure for the United States District Court for the District of Montana.

## I. Plaintiff's Amended Complaint

Because Mr. Haslam is proceeding in forma pauperis, the Court has a duty to screen his complaint. 28 U.S.C. § 1915(e)(2). The complaint shall be dismissed at any time if the Court determines: the allegation of poverty is untrue; or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A complaint fails to state a claim when the plaintiff fails to allege the grounds of his entitlement to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007). A complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it

rests." Erickson v. Pardus, 551 U.S. 89, ___, 127 S.Ct. 2197, 2200 (2007).

Courts may choose to first identify pleadings that are mere conclusions and are not entitled to the assumption of truth. Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009). All well-pleaded factual allegations are assumed true, but conclusory allegations and legal conclusions are not. Id. at 1949-50. Next, proceeding on only well-pleaded allegations, the court should determine the plausibility of the cause of action. Id. at 1950.

"[A] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 127 S.Ct. at 2200.

Even liberally reading Mr. Haslam's Complaint, it fails to allege any facts that could give rise to a cognizable claim. Mr. Haslam alleges employment discrimination based upon sex. However, his rambling and somewhat incoherent factual allegations contain no

support, directly or by inference, of any such discrimination.

Further, he alleges he was retaliated against and was subject to a hostile work environment, presumably based upon sex discrimination. These statements are legal conclusions, and Mr. Haslam's factual allegations offer no support for these theories of liability. Because Mr. Haslam has pleaded no more than legal conclusions which are unsupported by his factual allegations, his Amended Complaint fails the first prong of Iqbal and will be recommended for dismissal. It is unnecessary to reach Iqbal's second prong.

Mr. Haslam was given an opportunity to amend his complaint previously. (C.D. 4). His Amended Complaint fails to state a claim upon which relief can be granted. The Court may grant or deny leave to amend to cure the defects of Plaintiff's complaint. Lopez v. Smith, 203 F.3d 1122, 1127. It does not appear possible for Mr. Hasalm to state a claim for relief, and as such, leave to amend will not be granted.

## II. Motion to Appoint Counsel

Because his complaint will be recommended for dismissal, Mr. Haslam's Motion to Appoint Counsel will be denied.

Therefore the Court issues the following:

### ORDER

Mr. Haslam's Motion to Appoint Counsel (C.D. 5) is **DENIED**.

### RECOMMENDATION

Mr. Haslam's Amended Complaint (C.D. 6) should be dismissed with prejudice.

### NOTICE OF RIGHT TO OBJECT
### AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Haslam may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The

district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 30th day of July, 2009.

/s/ Keith Strong
Keith Strong
U.S. Magistrate Judge